```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SYNNAMON MCKINNIE,

                Plaintiff,
                                                    ORDER
        -against-                              21-CV-5246(JS)(ARL)

SALLIE MAE BANK,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Synnamon Mckinnie, pro se
                    54 32nd Street
                    Copiague, New York 11726

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On October 7, 2021, pro se plaintiff Synnamon Mckinnie ("Plaintiff") filed a Complaint in this Court together with an application to proceed in forma pauperis ("IFP"). (See Compl., ECF No. 1; IFP App., ECF No. 2.) For the reasons that follow, Plaintiff's IFP application is DENIED WITHOUT PREJUDICE and with leave to renew upon completion of the AO 239 long-form IFP application. Alternatively, Plaintiff may remit the $402.00 filing fee.

In her IFP application, Plaintiff has provided very little information. Plaintiff either failed to answer or wrote "N/A" in response to almost every question on the application. (See generally IFP App.) In the space calling for the amount of money Plaintiff has, whether in cash or in an account, Plaintiff

wrote: "N/A 15 USC 6801 - protection of nonpublic personal information."[1] (See id. ¶ 4.) Although Plaintiff reports having received income in the past twelve months from gifts, inheritances, or other sources, she wrote "N/A" in response to the follow-up questions of what the source of that money is, how much she received, and how much she expects to receive in the future. (Id. ¶ 3.) Plaintiff also reports having no regular monthly expenses, including those for housing, transportation, food, and utilities. (Id. ¶ 6.) However, Plaintiff provided a residential address, an email address, as well as telephone and fax numbers in the Complaint. (See Compl. at 13.) Further, Plaintiff reports having no debts or financial obligations (see IFP App. ¶ 8) despite the fact that her Complaint alleges Defendant Sallie Mae Bank violated the Fair Debt Collection Practices Act through its attempts to collect on a $10,369.79 student loan issued to Plaintiff. (See Compl. ¶ 4.) As such, the Court finds Plaintiff's responses to be incomplete, unclear, and questionable. In light of Plaintiff's perfunctory responses, the Court is unable to conclude that Plaintiff is qualified to proceed IFP.

---

[1] Section 6801 of the Fair Debt Collection Practices Act requires financial institutions "to respect the privacy of [their] customers and to protect the security and confidentiality of those customers' nonpublic personal information." See 15 U.S.C. § 6801(a). This provision is inapplicable here and does not provide Plaintiff with grounds to not completely answer the questions posed by the IFP application.

2

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's IFP application is DENIED WITHOUT PREJUDICE to a renewal upon completion of the AO 239 IFP long-form application annexed to this Order; and

**IT IS FURTHER ORDERED** that, **within fourteen (14) days from the date of this Order**, Plaintiff is directed to either:

1. Complete and return the enclosed AO 239 IFP long-form application, setting forth Plaintiff's current financial position as thoroughly as possible under the circumstances; **or**
2. Remit the $402.00 filing fee.

**PLAINTIFF IS ON NOTICE:** Failure to timely comply with this Order will lead to the dismissal of the Complaint without prejudice and judgment will enter.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith; therefore, IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to include the AO 239 IFP long-form application with this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 4, 2021
Central Islip, New York