```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
SYNNAMON MCKINNIE,

                Plaintiff,              MEMORANDUM & ORDER
                                        21-CV-5246 (JS)(ARL)
    -against-

SALLIE MAE BANK,

                Defendant.
---------------------------------X
APPEARANCES
For Plaintiff:      Synnamon Mckinnie, pro se
                    54 32nd Street
                    Copiague, New York  11590

For Defendant:      Eric M. Hurwitz, Esq.
                    Lauren A. Valle, Esq.
                    Stradley Ronon Sevens & Young, LLP
                    100 Park Avenue, Suite 2000
                    New York, New York  10017
```

SEYBERT, District Judge:

Pro se Plaintiff Synnamon Mckinnie ("Plaintiff") commenced this action against Sallie Mae Bank ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78a et seq. (See generally Compl., ECF No. 1.)  Plaintiff's various claims are based upon Defendant's debt collection efforts related to its issuance of a student loan to Plaintiff.  (Id.)

Currently before the Court is Defendant's motion to dismiss the Complaint. (Def. Support Memo, ECF No. 13.) Plaintiff

opposes Defendant's motion and Defendant submitted a reply. (Pl. Opp'n, ECF No. 14; Def. Reply, ECF No. 15.). For the reasons that follow, Defendant's motion is GRANTED and this case is DISMISSED WITH PREJUDICE.

## BACKGROUND

The following facts are drawn from the Complaint and are assumed to be true for purposes of this motion, except to the extent any facts are contradicted by documents integral to the Complaint, particularly, the underlying loan documentation. See Munno v. Town of Orangetown, 391 F. Supp. 263, 268-69 (S.D.N.Y. 2005). Further, the Complaint primarily consists of vague and conclusory single-sentence allegations which provide that Defendant violated various subsections of the statutes identified above. (See generally Compl.) The Court need not accept legal conclusions as true either. See Payne v. Paybrook Riverton Rose Assocs., No. 14-CV-1176, 2014 WL 5305988, at *2 (E.D.N.Y. Oct. 14, 2014) (citing Halebian v. Berv, 590 F.3d 195, 203 (2d Cir. 2009)). laintiff's claims.

Defendant is a bank with its principal place of business located at 300 Continental Drive, Newark, Delaware 19713. (Compl. ¶ 2). On July 17, 2015, Plaintiff applied to Defendant for a loan in connection with her studies at Johnson and Wales University. (See id. ¶¶ 2-4; Loan Application, ECF No. 13-2.) Thereafter, on July 27, 2015, Defendant issued a Smart Option Student Loan (the

"Loan") to Plaintiff. (See Promissory Note & Financial Disclosure, ECF No. 13-3, at 9.) "Plaintiff and Defendant agreed to [the] terms of the . . . Loan." (Compl. ¶ 4.) Under the Loan, Plaintiff borrowed from Defendant $6,200 at a 9.875% interest rate. (See Promissory Note & Financial Disclosure at 9.) The total sum of the Loan was $10,369.79. (Id. ¶ 5.)

On March 23, 2021, Plaintiff mailed a document titled "Notice and Demand to Validate Debt Claim" to Defendant, in which which she claimed Defendant's debt collection activities violated the FDCPA, TILA, and the 1934 Act. (Id. ¶ 6; id. at 18-19.) Plaintiff demanded Defendant that "'cease and desist' collection activities prior to validati[ng] . . . [the] purported debt," "validate the enclosed claim of an alleged debt," and "provide verification that an actual debt exists by producing" a number of documents. (Id. at 19.) On June 23, 2021, Plaintiff submitted a complaint to the Consumer Financial Protection Bureau. (Id. ¶ 53.)

Attached to the Complaint are more than a dozen letters between the parties which are dated from April 2021 through August 2021. The Court prepared the following table to itemize each of the letters:

| Approximate Date | Description |
|---|---|
| April 9, 2021 | Plaintiff received a "Loan Summary" from Defendant. (See id. ¶ 7; id. at 21.) |
| April 23, 2021 | Plaintiff received a letter from Defendant's Consumer Advocate Department which states |

3

|  | |
|---|---|
|  | that documents sent by Plaintiff are under review. (Id. ¶ 20; id. at 23.) |
| April 28, 2021 | Plaintiff received a letter from Defendant which states that Plaintiff's letters dated April 13, 2021 and March 23, 2021 are substantially identical to prior correspondence Plaintiff sent to Defendant in October 2020 and December 2020. (See id. ¶ 25; id. at 24.) |
| May 6, 2021 | Plaintiff received a letter from Defendant's Consumer Advocate Department which states that documents sent by Plaintiff are under review. (Id. ¶ 27; id. at 25.) |
| May 9, 2021 | Plaintiff received a "Loan Summary" from Defendant. (See id. ¶ 30; id. at 26.) |
| May 10, 2021 | Plaintiff received a letter from Defendant, in which Defendant states it is not a debt collector under the FDCPA and does not have to adhere to Plaintiff's cease-and-desist requests. (See id. ¶ 43-44; id. at 28.) |
| May 29, 2021 | Plaintiff mailed Defendant documents explaining alleged violations under the FDCPA, TILA, and the 1934 Act. She also requested that her debt be canceled and/or reimbursed. (See id. ¶ 49; id. at 29.) |
| June 3, 2021 | Plaintiff received a letter from Defendant's Customer Advocate Department which states that documents sent by Plaintiff are under review. (Id. ¶ 50; id. at 31.) |
| June 9, 2021 | Plaintiff received a "Loan Summary" from Defendant. (See id. ¶ 54; id. at 32.) |
| June 15, 2021 | Plaintiff received a letter from Defendant wherein Defendant stated: "Sallie Mae Bank is the original lender and creditor under the Promissory Note governing your loan to which you agreed at the time you received the loan . . . As we explained in our prior responses, the documents you submitted to our office do not satisfy the loan, nor do they discharge your obligation to repay the debt. Sallie Mae Bank will not respond to any future |

4

| | |
|---|---|
| | correspondence related to this specific matter." (Id. ¶ 67; id. at 36.) |
| July 5, 2021 | Plaintiff mailed Defendant a letter detailing purported violations under the FDCPA, TILA, and the 1934 Act. (See id. ¶ 76; id. at 38.) |
| July 7, 2021 | Plaintiff received a letter from Defendant's Consumer Advocate Department which states that documents sent by Plaintiff are under review. (Id. ¶ 77; id. at 40.) |
| July 9, 2021 | Plaintiff received a "Loan Summary" from Defendant. (See id. ¶ 83; id. at 41.) |
| July 16, 2021 | Plaintiff received mail from Defendant's Consumer Advocate Department claiming they are reviewing documents sent by Plaintiff. (Id. ¶ 96; id. at 43.) |
| August 7, 2021 | Plaintiff received a letter from Defendant's Consumer Advocate Department which states that documents sent by Plaintiff are under review. (Id. ¶ 100; id. at 44.) |
| August 9, 2021 | Plaintiff received a "Loan Summary" from Defendant. (See id. ¶ 103; id. at 45.) |
| August 19, 2021 | Plaintiff mailed and faxed to Defendant a "Notice of Dishonor," repeating alleged violations of FDCPA, TILA, and the 1934. (See id. ¶ 116; id. at 47-50.) |
| September 9, 2021 | Plaintiff received a "Loan Summary" from Defendant. (See id. ¶ 116; id. at 51.) |

PROCEDURAL HISTORY

Plaintiff commenced this action against Defendant on October 7, 2021, alleging 141 violations under the FDCPA, TILA, and the 1934 Act. (See id. ¶ 130.) Plaintiff alleges that Defendant "refuses to respond lawfully or acknowledge laws that govern their company" (id. ¶ 131) and describes Defendant's mailed correspondence as containing "coerci[ve], obscene, and profane language, harassment of forcible payment towards an alleged debt,

5

or reporting false information to an illicit third party." (Id. ¶ 54.)  Plaintiff requests $282,000 for her pain and suffering, as well as for Defendant to immediately cease-and-desist all debt collection activities. (Id. ¶¶ 132-133.)

On April 14, 2022, Defendant filed the instant motion to dismiss.  (See generally Def. Support Memo.)  Plaintiff filed opposition on May 12, 2022 and Defendant submitted a reply on June 3, 2022. (See generally Pl. Opp'n; Def. Reply.)

## ANALYSIS

I. Legal Standard

To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations that "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully."  Id.  (internal quotation marks and citation omitted).

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint," Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998).  However, the Court may consider any documents attached to the complaint, any statements or documents incorporated into the complaint by reference, any documents upon

6

which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-52 (2d Cir. 2002).

A complaint filed by a pro se litigant is to be construed liberally and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. Hiller v. Farmington Police Dep't, No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015).

II. Discussion

Defendant moves to dismiss the Complaint in its entirety, which is premised upon purported violations of the FDCPA, TILA, and the 1934 Act. Defendant also submits that, despite Plaintiff's characterizations to the contrary, the Loan at issue is not a "gift" under 15 U.S.C. § 1650.

A. FDCPA

The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692. The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

7

indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Excluded from the definition of a "debt collector" is a creditor collecting on its own debt. 15 U.S.C. §§ 1692(a)(4), 1692(a)(6)(F). The Second Circuit has affirmed this interpretation and recognized that the FDCPA does not apply to creditors seeking to collect their own debts. See Maguire v. Citicorp Retail Serv., Inc., 147 F.3d 232, 235 (2d Cir. 1998). The Second Circuit has also held that student loan servicers are not subject to the FDCPA. Obot v. Sallie Mae, 602 F. App'x 844, 845 (2d Cir. 2015). However, a creditor may become subjected to the FDCPA if the creditor, "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). A creditor may be subjected to the FDCPA under this "false name" exception if it "falsely implies that a third party is involved in collecting its debts," "pretends to be someone else," or "uses a pseudonym or alias." See Vincent v. Money Store, 736 F.3d 88, 98 (2d Cir. 2013).

Although Plaintiff believes Defendant's communications are not "professional responses," Plaintiff offers no allegations nor argument to plausibly suggest that Defendant is, in fact, a debt collector under the FDCPA. (See Pl. Opp'n at 9.) The Complaint, documentation underlying the Loan, and letter

8

correspondence between the parties make clear that Defendant is collecting its own debt under its own name -- and Plaintiff does not provide any allegations to suggest that Defendant used a "false name" in its collection efforts to justify the imposition of any FDCPA liability. Accordingly, Plaintiff's FDCPA claims are untenable and DISMISSED WITH PREJUDICE.

 B. TILA

  TILA's purpose is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." 15 U.S.C. § 1601(a). Claims pursuant to TILA carry a one-year statute of limitations. See 15 U.S.C. § 1640(e); Cardiello v. The Money Store, Inc., No. 00-CV-7332 (NRB), 2001 WL 604007 (S.D.N.Y. June 1, 2001). For closed-end credit transactions, like the one involving the Loan at issue here, the date of the occurrence of any underlying TILA violation is no later than the date the plaintiff enters into the loan agreement, or possibly when the defendant transmits the funds to the plaintiff. See Cardiello, 2001 WL 604007.

  Both parties agree that the Loan originated in July 2015. (Compl. ¶¶ 4-5; Def. Support Memo at 6.) It was not until October 7, 2021, more than six years later, that Plaintiff commenced this case. (See generally Compl.) Plaintiff has not argued -- and the Court has not identified -- any possible basis

9

to warrant equitably tolling the commencement of the running of the statute of limitations for her TILA claims. For example, there is no indication that anything less than all material terms for the Loan were provided to Plaintiff as part of the Promissory Note and Final Disclosure nor anything to suggest that Defendant engaged in fraudulent conduct as part of the Loan transaction. See Cardiello, 2001 WL 604007, at *4-5 (applying doctrine of equitable tolling to claims pursuant to TILA). Accordingly, to the extent Plaintiff alleges any TILA claims against Defendant, such claims are untimely and DISMISSED WITH PREJUDICE.

    C.    The 1934 Act

Plaintiff also alleges that Defendant violated Sections 78m and 78q(c) under the 1934 Act, which govern the filing of certain reports with the Securities and Exchange Commission ("SEC"). See 15 U.S.C. §§ 78m, 78q. Not only are these provisions irrelevant to Plaintiff's claims, which are based upon Defendant's efforts to collect upon a student loan, these sections of the 1934 Act do not authorize a private right of action. See Touche Ross & Co. v. Redington, 442 U.S. 560, 569 (1979). Accordingly, Plaintiff's claims pursuant to the 1934 Act are DISMISSED WITH PREJUDICE.

    D.    15 U.S.C. § 1650

To extent the Complaint can be construed to seek a declaration that the Loan in question is a gift under 15 U.S.C.

§ 1650(3), that request is DENIED. Section 1650 is aimed towards preventing unfair and deceptive private educational lending practices and eliminating conflicts of interest. See 15 U.S.C. § 1650. This statute prohibits a private educational lender from giving gifts to covered educational institutions under delineated circumstances, none of which are relevant here because Plaintiff is not a "covered educational institution" but an individual borrower. See 15 U.S.C. § 1650(a)(2) (defining "covered educational institution" to mean "any educational institution that offers a postsecondary educational degree, certificate, or program of study (including any institution of higher education)" or "an agent, officer, or employee of the educational institution").

E.  Relief Sought

As a final matter, the Court will address Plaintiff's remaining requests for relief. She asks for $282,000 in "reimbursement for all violations, pain, and suffering, [and] harassment since February 4th, 2017." (Compl. ¶ 132.) Plaintiff also asks for an injunction to stop Defendant from engaging in any debt collection activities with respect to the Loan. (Id. ¶ 133.) As noted by Defendant, Plaintiff has offered no factual or legal basis to warrant any of these remedies. Notwithstanding, as set forth above, all of Plaintiff's claims have been dismissed with prejudice thereby eliminating this Court's jurisdiction over her

11

remaining requests for relief. Accordingly, all of Plaintiff's remaining requests for monetary or injunctive relief are DENIED.

CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will not permit Plaintiff to amend the Complaint because the defects identified herein are uncurable and render any proposed amendment futile. Berlin v. Jetblue Airways Corp., 436 F. Supp. 3d 550, 560 (E.D.N.Y. 2020) ("If the problems with a claim are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to replead would be 'futile' and 'should be denied.'" (quoting Jordan v. Chase Manhattan Bank, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2005))).

The Clerk of Court is directed to enter judgment accordingly and to mark this case CLOSED. Defendant is directed to serve a copy of this Memorandum & Order upon Plaintiff and to file proof of such service to ECF forthwith.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 31, 2023
      Central Islip, New York